UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY JEAN POOLE

VERSUS

SOCIAL SECURITY
ADMINISTRATION

CIVIL ACTION

NO. 16-16393

SECTION "R" (2)

## ORDER AND REASONS

The Court, having reviewed *de novo* the complaint,[1] plaintiff's motion for leave to submit additional evidence,[2] plaintiff's memorandum of facts and law,[3] defendant's reply memorandum,[4] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[5] and plaintiff's objections,[6] hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Plaintiff objects only to the portion of the Report and Recommendation denying her motion for leave to submit additional medical records.[7] The Magistrate Judge denied plaintiff's motion because he concluded that

---

[1]      R. Doc. 1.
[2]      R. Doc. 11.
[3]      R. Doc. 20.
[4]      R. Doc. 21.
[5]      R. Doc. 22.
[6]      R. Doc. 23.
[7]      *Id.* at 11-19.

plaintiff failed to satisfy any of the requirements of 42 U.S.C. § 405(g),[8] which permits a remand to the Commissioner of Social Security for additional evidence to be taken "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Plaintiff argues that the Magistrate Judge erred in finding that her medical records are not new simply because they predate the administrative hearing.[9]  But, contrary to plaintiff's contentions, the Report and Recommendation does not rely on the date of the records as "the sole determining factor" of whether they are new.[10]  The Magistrate Judge also correctly concluded that plaintiff's proposed evidence is not new because it is merely cumulative of evidence already in the record.[11]  *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989).  The Magistrate Judge further held that the evidence is not material because plaintiff failed to demonstrate a reasonable possibility that the records would have affected the Commissioner's decision.[12]

---

[8]     R. Doc. 22 at 11.
[9]     R. Doc. 23 at 1.
[10]    *Id.* at 1; R. Doc. 22 at 12, 14.
[11]    R. Doc. 22 at 14.
[12]    *Id.* at 16-18.

Because plaintiff's proposed new evidence is neither new nor material, it is unnecessary to determine whether plaintiff had good cause for failing to incorporate this evidence into the administrative record. The Magistrate Judge nevertheless properly found that plaintiff failed to provide a satisfactory explanation for why the medical records were not submitted earlier.[13]

Accordingly, IT IS ORDERED that plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __11th__ day of September, 2017.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]  R. Doc. 22 at 15. Plaintiff's motion for leave to submit additional evidence simply states that the records "were unavailable at [] the time of the hearing" without providing further explanation. *See* R. Doc. 11-1 at 1.